# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 11, 2023

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MARY JO DRCAR, * | |
| * | No. 21-1766V |
| Petitioner, * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Howard Mishkind*, Mishkind Kulwicki Law Co., LPA, Cleveland, OH, for petitioner.
*Jamica Littles*, United States Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On August 26, 2021, Mary Jo Drcar ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") as a result of the flu vaccine administered to her on October 14, 2019. Petition at ¶ 2-3 (ECF No. 1). Specifically, petitioner alleges that she suffered from acute inflammatory demyelinating polyneuropathy ("AIDP"), a subvariant of GBS as a result of the flu vaccine.

The parties engaged in informal settlement discussions while the case was in the Special Processing Unit ("SPU") but were unable to resolve the case informally. Petitioner filed an expert report from neurologist Christopher Geiger, DO on March 6, 2023 in which Dr. Geiger opined that AIDP was the proper diagnosis. Petitioner's Exhibit ("Pet. Ex.") 27 at 2 (ECF No.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

28). Respondent filed a Rule 4(c) Report on April 7, 2023, disputing that petitioner has a table injury and is entitled to compensation under the program, and arguing that petitioner failed to provide preponderant proof that AIDP is the proper diagnosis. Respondent's Report ("Resp. Rept.") at 14 (ECF No. 31). The case was then reassigned to my docket on July 6, 2023. *See* Notice of Reassignment (ECF No. 35).

After additional settlement discussions, petitioner filed a status report stating that "on October 12, 2023, respondent indicated that he had changed his position and admitted that petitioner's proper diagnosis is AIDP, a GBS subvariant and a Table injury" and requested that the Court enter judgment on entitlement after respondent files an amended Rule 4(c) report. Pet. Status Report at 1 (ECF No. 40). In a separate status report, respondent noted that he presented a proffer to petitioner on October 12, 2023, and that petitioner accepted the proffered damages for lost wages and past and future unreimbursable expenses, but rejected the proffered amount for pain and suffering. Resp. Status Report at 1 (ECF No. 39).

Thereafter, respondent field an Amended Rule 4(c) report on December 7, 2023 recommending compensation. *See* Resp. Amended Rept. (ECF No. 42). In his report, respondent states that it is his position "that petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretations, which afford petitioner a presumption of causation if onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15)." *Id.* at 13-14.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required 42 U.S.C. § 13; Vaccine Rule 8(d). In light of respondent's recommendation and my own review of the record, petitioner has established that she has suffered a Table GBS, and is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master