# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 28, 2025

```
* * * * * * * * * * * *    *
MARY JO DRCAR,                    *
                                 *
              Petitioner,         *          No. 21-1766V
                                 *
      v.                         *          Special Master Gowen
                                 *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                 *
              Respondent.         *
* * * * * * * * * * * *    *
```

*Howard Mishkind*, Mishkind Kulwicki Law Co., L.P.A. Cleveland, OH, for petitioner.
*Jamica Littles*, U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 29, 2024, Mary Jo Drcar ("petitioner"), filed a motion for Final Attorneys' Fees and Costs, requesting a total of $65,767.00. Mtn. for Attorneys' Fees and Costs ("Fees App.") (ECF No. 60). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$65,767.00.**

### I.    Procedural History

On August 26, 2021, petitioner filed petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as a result of the flu vaccine she received on October 14, 2019. Petition at ¶ 2-3. A Ruling on Entitlement finding that petitioner was entitled to compensation

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

was issued on December 11, 2023, after respondent filed an amended Rule 4(c) Report stating that petitioner met the criteria for a Table claim. Ruling on Entitlement (ECF No. 43); Amended Rule 4(c) Rept. (ECF No. 42). A Decision on Damages was issued on December 10, 2024, awarding petitioner $313,114.59 in damages. Decision on Damages (ECF No. 56).

Petitioner filed the instant motion for attorneys' fees on December 29, 2024 with supporting documentation. Respondent filed his response on January 6, 2025 stating that "respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. to Fees App. at 2, 5. (ECF No. 62).

The matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### a.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In this case, petitioner was awarded damages, and thus, the claim resulted in compensation. Therefore, petitioner is entitled to reasonable attorneys' fees and costs.

## III.    Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level

they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $65,365.00 in attorneys' fees for work done by her attorney, Mr. Howard Mishkind. Fees App. at 5. Petitioner requests the following rates for work performed by Mr. Mishkind: $425.00 per hour for work performed in 2020; $450.00 per hour for work performed in 2021; $475 per hour for work performed in 2022; $490.00 per hour for work performed in 2023; and $550.00 per hour for work performed in 2024. The requested rates for 2020-2023 are consistent with what has previously been awarded in the program and are reasonable. The requested increase for 2024 is consistent with the Forum Hourly Rate Fee Schedule. Therefore, I find $550.00 per hour for work performed in 2024 to be reasonable, and such rate shall be awarded.

### c. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spend on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. Moreover, respondent has not identified any particular billing entries as objectionable. *See* Resp't Resp. to Fees App. **Therefore, petitioner**

3

is entitled to **$65,365.00 in attorneys' fees for work performed by her attorney, Mr. Howard Mishkind.**

### d.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $402.00 in costs related only to the filing fee associated with this claim. Fees App. at 5. Petitioner notes that she "is not requesting reimbursement of any case related costs." *Id.* It is typical in the Vaccine Program for counsel to be reimbursed the filing fee. Accordingly, **petitioner is entitled to $402.00 in costs for Mr. Mishkind.**

### IV.  Conclusion

In accordance with the above, petitioner's motion for final attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1)  **A lump sum in the amount of $65,767.00, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).